# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| DANIEL P. HIGGINS <br>    Plaintiff, | § <br> § <br> § | |
| V. | § <br> § | C.A. _____ |
| VAL-CHRIS INVESTMENTS, INC., <br>    Defendant. | § <br> § <br> § | |

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant, Val-Chris Investments, Inc. ("Val-Chris" and "Defendant") through undersigned counsel, hereby removes this case from the 10th Judicial District Court of Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division. Defendant denies the allegations of the Complaint and the damages contained therein, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

## I
## INTRODUCTION AND STATEMENT OF COMMENCEMENT OF ACTION

1.     On or about January 21, 2026, Plaintiff Daniel P. Higgins ("Plaintiff") commenced this action by filing an Original Petition ("Complaint") and an Application for Temporary Restraining Order ("TRO"), Cause No. 26-CV-0110, in the 10th Judicial District Court of Galveston County, Texas (the "State Court Action"). See Exhibit 3-A, Complaint and Exhibit 3-B, Temporary Restraining Order. Plaintiff seeks injunctive relief preventing Defendant from proceeding with a non-judicial foreclosure sale involving real property located at 3001 Kleinmann Avenue, Galveston, Texas 77551 (the "Property").

4929-5292-7119, v. 1

2. Defendant was served with Plaintiff's Complaint and TRO on or about January 21, 2026. This action is being removed within thirty (30) days following service of the initial pleading. Accordingly, removal is timely under 28 U.S.C. § 1446(b). See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (removal period triggered by formal service); *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## II
## PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all process, pleadings, and orders from the State Court Action are being filed with this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal is being served on Plaintiff and filed with the clerk of the State Court.

## III
## STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

4. This action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a)(1), which provides that federal courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Venue is proper in this district under 28 U.S.C. § 1441(a) because the State Court Action was filed in Galveston County, Texas, which lies within the Southern District of Texas, Galveston Division.

## IV
## DIVERSITY JURISDICTION

### A. Citizenship of the Parties

5. This civil action involves a controversy between citizens of different states. According to the Complaint, Plaintiff is an individual residing in Galveston County, Texas.

4929-5292-7119, v. 1

See Exhibit 3-A. Plaintiff is therefore a citizen of Texas for purposes of diversity jurisdiction. Val-Chris Investments, Inc. is a corporation organized under the laws of the State of California with its principal place of business in Orange County, California. See Exhibit 4, Articles of Incorporation. A corporation is deemed to be a citizen of (1) every state in which it is incorporated and (2) the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Val-Chris is therefore a citizen of California. Complete diversity exists under 28 U.S.C. § 1332(a) because Plaintiff is a citizen of Texas and Defendant is a citizen of California.

### B. Amount in Controversy

6.    This action places more than $75,000 in controversy. Federal courts possess original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Section 1441(a) permits removal of such actions. The removing party bears the burden of establishing that federal jurisdiction exists and that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

7.    Plaintiff seeks to enjoin foreclosure of the Property and prevent enforcement of Defendant's rights under the loan documents securing the obligation at issue. See Exhibit 3-A and Exhibit 3-B. In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advert. Comm'n,* 432 U.S. 333, 347 (1977). Where the validity of a lien or the right to foreclose on real property is placed at issue, courts measure the amount in controversy by the value of the property or the value of the loan secured by the property.

3

4929-5292-7119, v. 1

See *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961); *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996) (citing Leininger v. Leininger, 705 F.2d 727 (5th Cir. 1983)); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

8.     The loan at issue is a business-purpose loan secured by the Property with a principal balance of approximately $330,000. The tax appraised value for the Property is no less than $570,000. See Exhibit 5, Appraisal. Federal jurisdiction may be established by facts alleged in the notice of removal that support a conclusion that the amount in controversy requirement is satisfied. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Where it is facially apparent from the pleadings that the claims likely exceed $75,000, the jurisdictional threshold is satisfied. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002). Upon information and belief, the fair market value of the Property also exceeds $75,000. The amount in controversy requirement of 28 U.S.C. § 1332(a) is therefore satisfied.

**V**
**JURY DEMAND**

9.     Plaintiff has not made a jury demand in the State Court Action.

**VI**
**CONCLUSION**

10.     For the foregoing reasons, Defendant respectfully requests that this Court accept jurisdiction over this matter and that the State Court Action be removed to the United States District Court for the Southern District of Texas, Galveston Division.

4929-5292-7119, v. 1

Respectfully submitted,

By: /s/ *Christie M. Lewis*  
    Christie M. Lewis  
    State Bar No. 24013170  
    Federal I.D. No. 33817  
    Hirsch & Westheimer, P.C.  
    1415 Louisiana, 36th Floor  
    Houston, Texas 77002-2772  
    Tel: 713-220-9197  
    Fax: 713-223-9319  
    E-mail: clewis@hirschwest.com

**ATTORNEY FOR DEFENDANT**

4929-5292-7119, v. 1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of February, 2026, a true and correct copy of Defendant's Notice of Removal was forwarded as follows:

Andrew K. Meade
Samuel B. Haren
Leann M. Pinkerton
lpinkerton@mnbllp.com
Meade & Barr LLP
2118 Smith Street
Houston, Texas 77002
*Attorneys for Defendant*
***Via E-Serve***

/s/ *Christie M. Lewis*
Christie M. Lewis

4929-5292-7119, v. 1