IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DANIEL P HIGGINS, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | C.A. 3:26-cv-00045 |
| VAL-CHRIS INVESTMENTS, INC., | § | |
| | § | |
| *Defendant.* | § | |

## <u>VAL-CHRIS INVESTMENTS, INC.'S MOTION FOR SUMMARY JUDGMENT</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Val-Chris Investments, Inc. ("Val-Chris" or "Defendant") and files its Motion for Summary Judgment against Plaintiff Daniel P. Higgins's ("Higgins" or "Plaintiff") pursuant to Rule 56 of the Federal Rules of Civil Procedure and in support thereof respectfully shows the Court as follows:

## I.
## INTRODUCTION

1. Plaintiff seeks to enjoin a non-judicial foreclosure based on the assertion that the Property constitutes his homestead. The undisputed summary judgment evidence establishes that Plaintiff represented the Property was not his homestead, executed a Designation of Homestead and Affidavit of Non-Homestead, leased the Property to a third-party tenant, and designated an alternate mailing address in connection with the loan. Ex. 1, Ex. 2, Ex. 3, Ex. 4.

Plaintiff's claim is premised on a position that directly contradicts his prior representations and could be considered mortgage fraud.

2. Under Texas law, a borrower who represents that property is not homestead and induces reliance by the lender is estopped from later asserting homestead protections to defeat enforcement of a lien. *Thomas v. Graham Mortgage Corp.*, 408 S.W.3d 581, 589–92 (Tex. App.—Austin 2013); see also *In re Perry*, 345 F.3d 303, 316 (5th Cir. 2003) (homestead requires actual use and occupancy). There is no genuine dispute of material fact. The summary judgment evidence conclusively establishes that Plaintiff waived and is estopped from asserting homestead protections. Ex. 2, Ex. 3, Ex. 4. Defendant is entitled to judgment as a matter of law.

## II.
## BACKGROUND

3. Plaintiff obtained a loan secured by real property located at 3001 Kleinmann Avenue, Galveston, Texas (the "Property"). Ex. 3. In connection with the loan transaction, Plaintiff executed loan documents granting Defendant a lien on the Property. Ex. 1, Ex. 3.

4. The summary judgment evidence establishes that, at the time of the loan transaction, Plaintiff provided documentation demonstrating that the Property was leased to a third-party tenant. Ex. 2. Plaintiff also identified and designated an alternative mailing address for all correspondence related to the loan. Ex. 3. The summary judgment evidence further establishes that Plaintiff executed a

2

Designation of Homestead and Affidavit of Non-Homestead in which Plaintiff expressly represented that the Property was not his homestead, identified a different property as his principal residence, disclaimed homestead rights in the Property, and acknowledged that the Property was not exempt from forced sale. Ex. 4.

5.     Defendant relied on Plaintiff's representations regarding occupancy of the Property and the designated mailing address in underwriting and extending the loan secured by the Property. Ex. 1, Ex. 3, Ex. 4. Plaintiff did not reside at the Property at the time of the loan transaction. Ex. 2, Ex. 3; *In re Perry*, 345 F.3d 303, 316 (5th Cir. 2003) (homestead requires actual use and occupancy). Plaintiff subsequently defaulted under the terms of the loan as reflected in the loan records. Ex. 3. Plaintiff now asserts that the Property constitutes his homestead and seeks to prevent Defendant from exercising its contractual right to foreclose. Ex. 5.

### III.
### SUMMARY JUDGMENT EVIDENCE

Exhibit 1 – Affidavit of Custodian of Records

Exhibit 2 – Residential Lease Agreement

Exhibit 3 – Relevant Loan Documents, including the Deed of Trust, Promissory Note, Borrower Representations

Exhibit 4 – Designation of Homestead and Affidavit of Non-Homestead

Exhibit 5 – Plaintiff's Original Petition and Application for Temporary Restraining Order

## IV.
## LEGAL STANDARD

6.     Summary judgment shall be granted when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Once the movant meets its burden, the nonmovant must present evidence raising a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Conclusory allegations and unsupported assertions are insufficient to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986).

## V.
## ARGUMENT AND AUTHORITIES

### A. Plaintiff Expressly Waived and Is Estopped from Asserting Homestead Rights

7.     The summary judgment evidence establishes that, in connection with the loan transaction, Plaintiff represented that the Property was not his homestead, executed a Designation of Homestead and Affidavit of Non-Homestead, leased the Property to a third-party tenant, and designated an alternative mailing address for correspondence. Ex. 1, Ex. 2, Ex. 3, Ex. 4. Texas courts recognize that a borrower may be estopped from asserting homestead protections where the borrower represents that property is not a homestead and the lender reasonably relies on that representation. *Thomas v. Graham Mortgage Corp.*, 408 S.W.3d 581, 589–92 (Tex. App.—Austin 2013).

4925-3874-8571, v. 1

8. A homestead claim requires actual use and occupancy of the property as a residence. *In re Perry*, 345 F.3d 303, 316 (5th Cir. 2003). Property that is leased to and occupied by a third-party tenant cannot simultaneously serve as the borrower's homestead. Ex. 2. Plaintiff also identified a different residence and expressly disclaimed homestead rights in the Property in the executed affidavit. Ex. 4.

9. Defendant relied on Plaintiff's representations in underwriting and extending the loan secured by the Property. Ex. 1, Ex. 3, Ex. 4. These undisputed facts establish that Plaintiff did not reside at the Property and did not claim it as his homestead at the time of the transaction. Plaintiff now asserts homestead protections in direct contradiction of his prior representations. Texas law does not permit a borrower to benefit from such inconsistent positions. *Thomas*, 408 S.W.3d at 589–92. The summary judgment evidence conclusively establishes waiver and estoppel. Plaintiff's homestead claim fails as a matter of law.

## B. Plaintiff Fails to Plead a Cognizable Cause of Action and Seeks Only a Remedy

10. Plaintiff's petition asserts no substantive cause of action and seeks only to enjoin foreclosure. Ex. 5. Injunctive relief is a remedy and does not constitute an independent cause of action. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002). A plaintiff must establish an underlying substantive claim before injunctive relief may be granted. *Id*. Plaintiff presents no evidence of any viable claim for breach of contract, wrongful foreclosure, declaratory judgment, or

4925-3874-8571, v. 1

any statutory violation. Where a plaintiff fails to assert or support a cognizable cause of action, summary judgment is proper as a matter of law.

### C. Plaintiff's Allegations Are Conclusory and Unsupported by Evidence

11. Plaintiff's claims are based on conclusory assertions that the Property constitutes his homestead and that Defendant acted improperly. Conclusory allegations and unsubstantiated assertions are insufficient to create a genuine issue of material fact at the summary judgment stage. Plaintiff presents no competent evidence identifying any contractual provision violated, any statutory violation, or any facts demonstrating unlawful conduct by Defendant.

12. The petition does not identify the notice provisions contained in the governing loan documents, the address designated by Plaintiff for receipt of notices, or the manner in which Defendant allegedly violated any contractual or statutory requirement. Ex. 3, Ex. 5. Absent competent summary judgment evidence, Plaintiff cannot meet his burden under Rule 56.

### D. Plaintiff Cannot Maintain a Wrongful Foreclosure Claim

13. Plaintiff seeks to prevent a foreclosure sale that has not occurred. Under Texas law, a claim for wrongful foreclosure does not arise unless and until a foreclosure sale actually takes place. *Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 255 (5th Cir. 2013). Plaintiff presents no evidence of a completed foreclosure sale. Accordingly, no wrongful foreclosure claim exists as a matter of law, and any such claim is not ripe.

6

### E. Plaintiff's Notice-Based Allegations Fail as a Matter of Law

14. To the extent Plaintiff challenges the adequacy of foreclosure notice, Texas law requires only that notice be mailed to the borrower's last known address as provided in the loan documents. Tex. Prop. Code § 51.002(e). Actual receipt of notice is not required. *Martins*, 722 F.3d at 255–56. Plaintiff's allegation that he did not receive notice, without more, does not establish a violation of Texas law and does not create a genuine issue of material fact.

**VI.**
**CONCLUSION**

15. The summary judgment evidence conclusively establishes that Plaintiff waived and is estopped from asserting homestead protections, that Plaintiff has failed to assert or support a cognizable cause of action, and that no genuine issue of material fact exists as to any of Plaintiff's claims. Plaintiff's allegations are conclusory, unsupported by competent evidence, and insufficient to create a fact issue under Rule 56. Plaintiff cannot maintain a wrongful foreclosure claim in the absence of a completed foreclosure sale, and his homestead and notice-based allegations do not provide a legal basis to invalidate Defendant's lien or prevent enforcement of Defendant's contractual foreclosure rights under Texas law. Accordingly, Defendant is entitled to judgment as a matter of law.

4925-3874-8571, v. 1

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court grant this Motion for Summary Judgment, dismiss Plaintiff's claims with prejudice, and grant such other and further relief to which Defendant may be justly entitled.

HIRSCH & WESTHEIMER, P.C.

Respectfully submitted,

By: /s/ *Christie M. Lewis*
    Christie M. Lewis
    State Bar No. 24013170
    Federal I.D. No. 33817
    Hirsch & Westheimer, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas 77002-2772
    Tel: 713-220-9197
    Fax: 713-223-9319
    E-mail: clewis@hirschwest.com

**ATTORNEY FOR DEFENDANT**

4925-3874-8571, v. 1

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, a copy of the foregoing Motion for Summary Judgment was served via the Clerk of the Court through the ECF system to all parties of record.

Andrew K. Meade
Samuel B. Haren
Leann M. Pinkerton
lpinkerton@mnbllp.com
Meade & Barr LLP
2118 Smith Street
Houston, Texas 77002
*Attorneys for Plaintiff*
***Via E-Serve***

/s/ *Christie M. Lewis*
Christie M. Lewis

4925-3874-8571, v. 1