**In the United States District Court**
**For the Southern District of Texas**
**Galveston Division**

**Daniel P. Higgins,**
Plaintiff,

v.

**Val-Chris Investments, Inc.**
Defendant.

Civil Action No. 3:26-cv-00045

<u>**Plaintiff's First Amended Complaint**</u>

Plaintiff Daniel P. Higgins files this First Amended Complaint.

**Parties**

1.      Plaintiff Daniel P. Higgins is a Texas citizen.

2.      Defendant Val-Chris Investments, Inc. ("VCI") is a California corporation headquartered in California. It has already answered and appeared herein.

**Jurisdiction and Venue**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this suit has an amount in controversy in excess of $75,000 and there is complete diversity of the parties..

4.      Venue is proper in in this district and division because this suit relates to a lien on real property located in Galveston County, Texas.

**Background**

5.      At all relevant times, Higgins has physically resided at his residential homestead located at 3001 Klienmann Avenue, Galveston, Texas 77551 (the "Homestead").

6.      In 2024, Higgins engaged a broker to obtain a loan secured by the Homestead. Upon information and belief, this broker had a preexisting relationship with VCI. Higgins' broker

connected Higgins with VCI. The broker and VCI's principal visited the Homestead, and both were aware that Higgins resided at the Homestead.

7. Higgins and VCI agreed to terms to refinance the loan secured by the Homestead. As part of the closing documents, VCI and the broker instructed Higgins to execute various documents stating that the Homestead was not Higgins's homestead. VCI was aware at the time that Higgins resided at the Homestead as his primary residence. Higgins signed the documents as instructed, and VCI made the loan (the "VCI Loan") secured by a lien against the Homestead (the "VCI Lien").

8. Higgins eventually fell behind on payments, and VCI began the process of non-judicial foreclosure of the VCI Lien. As part of this process, VCI did not send a notice of default to Higgins via certified mail providing a twenty-day cure period prior to VCI sending the notice of sale.

<strong>Causes of Action</strong>

**I.     Declaratory Judgment**

9. Higgins seeks the following declaratory judgments:

   a.    The Homestead has been Higgins's homestead at all relevant times.

   b.    VCI did not comply with the procedures of Section 51.002 of the Texas Property Code while attempting to foreclose the VCI Lien.

   c.    The VCI Lien is not a valid or enforceable lien on Higgins' homestead because it does not comply with the requirements of Article 16, Section 50 of the Texas Constitution.

   d.    VCI's failure to comply with the Texas Constitution has resulted in a forfeiture of all principal and interest on the VCI Loan.

## Conditions Precedent

10. All conditions precedent to the filing hereof have been satisfied.

## Jury Demand

11. Plaintiff demands a trial by jury on all issues so triable.

## Prayer

Plaintiff prays that the Court award it all legal and equitable relief to which it is entitled, including, without limitation, declaratory relief, damages, pre-judgment interest, post-judgment interest, costs, and attorneys' fees permitted by law or contract.

Respectfully Submitted,

**Meade & Barr LLP**

*/s/ Andrew K. Meade*
Andrew K. Meade
Texas Bar No. 24032854
Leann M. Pinkerton
Texas Bar No. 24038826
Samuel B. Haren
Texas Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
(713) 355-1200
ameade@mnbllp.com
lpinkerton@mnbllp.com
sharen@mnbllp.com

**Attorneys for Plaintiff**

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by electronic service on April 10, 2026.

*/s/ Samuel B. Haren*
Samuel B. Haren