**In the United States District Court**
**For the Southern District of Texas**
**Galveston Division**

|  |  |
|---|---|
| **Daniel P. Higgins,**<br>Plaintiff,<br><br>v.<br><br>**Val-Chris Investments, Inc.**<br>Defendant. | **Civil Action No. 3:26-cv-00045** |

### <u>Higgins's Response to Val-Chris's Motion for Summary Judgment</u>

Plaintiff Daniel Higgins purportedly disclaimed that his homestead was not his homestead. But Texas law is clear that, if the homeowner physically resides at the homestead, any disclaimer is ineffective. Higgins has physically occupied his residence for eighteen years, so any potential disclaimer is not binding on him.

### Background

Higgins has lived at 3001 Kliemann Avenue, Galveston, Texas 77551 (the "Property") since approximately 2008. Exhibit 1, Higgins Declaration. Higgins has continuously and openly resided in and occupied the Property since that time. *Id. Id.* Higgins continues to occupy, reside in, and claim the homestead exemption on the Property. *Id.* Higgins's personal property is located in the Property, and he returns to it eat, sleep, and otherwise reside. *Id.* Higgins leased-out the auxiliary dwelling unit on the Property to Knycie Quitta in 2020. *Id.* But, despite this, Higgins has remained in the main residence throughout the lease. *Id.*

Higgins signed a loan agreement with Defendant Val-Chris Investments, Inc. ("VCI") secured by lien on the Property in 2024. *Id.* At the time of that loan agreement, Higgins openly and physically resided in the Property. *Id.* Documents from VCI's production show that VCI was aware of the actual state of facts.

VCI asked Higgins to identify all of his residences for the last ten years. Higgins identified only the Property:

**RESIDENCES IN THE LAST 10 YEARS (NUMBER, STREET, CITY, STATE, ZIP; FROM DATE - TO DATE):**
PARTY 1: _3001 KLEINMANN, GALVESTON, TX 77551_

PARTY 2: _____

Exhibit 2, Statement of Information. This matched the copy of Higgins's driver license listing only the Property as his address:



Exhibit 3, Driver License. Higgins provided a copy of his homeowners insurance listing the Property as his address:

| Policy Number | Effective Date/Time | Expiration Date/Time |
|---|---|---|
| TFPH0700122037 | August 9, 2024 12:01 a.m. | August 9, 2025 12:01 a.m. |
| **Named Insured and Address** | | **Agent** |
| DANIEL P HIGGINS<br>3001 KLEINMANN AVE<br>GALVESTON, TX 77551-1559 | | JULIA F SHAW<br>JULIA F SHAW - PRODUCER GROUP<br>1802 BROADWAY ST STE 118<br>GALVESTON, TX 77550-4953<br><br>Phone: (409) 765-9515 |

Exhibit 4, Insurance Policy. VCI's appraisal report even showed the auxiliary dwelling unit that

Higgins had leased out:



Exhibit 5, Appraisal Report at Val-Chris 19.

In short, VCI had ample notice that Higgins resided at the Property—and it would have

had no doubt as to the reality of the situation had it visited the Property at all.

**Argument**

**I.      The Property is Higgins's homestead**

VCI does not dispute that, given Texas's protections of homestead properties from liens and foreclosures, whether the Property is Higgins' homestead is dispositive of this case. Thus, VCI does not argue that it somehow complied with the requirements for placing a lien against or foreclosing on a homestead; its only argument is that Higgins is estopped from calling the Property his homestead. This lone defense fails under Texas law.

It is true that, "[m]isrepresentations by a homestead claimant may, under the proper circumstances, create an estoppel to claim the homestead exemption." *First Interstate Bank of Bedford v. Bland*, 810 S.W.2d 277, 283 (Tex. App.—Fort Worth 1991, no writ). With that said, "[a] homestead claimant may not preclude himself from claiming the homestead exemption solely by the act of disclaiming property as his homestead, however." *Id.* In *Niland*, Niland owned a house on Miron Drive and a condominium at Hollows North. *See In re Niland*, 825 F.2d 801, 803 (5th Cir. 1987). Niland lived at the Miron Drive property but not the condominium. *Id.* Despite this, Niland borrowed money secured by a lien against the Miron Drive property. *Id.* As part of this transaction, Niland "executed an affidavit stating that the condominium was his homestead." *Id.* The Fifth Circuit ruled that, despite this sworn affidavit, the debtor was not estopped from claiming the Miron Drive property as his exempt homestead:

> Deason argues that the numerous sworn misrepresentations on Niland's part to the effect that the condominium, and not the property, was his homestead should estop him from invoking his state constitutional and statutory homestead rights. **We think that Texas law is clear that a homestead claimant is not estopped to assert his homestead rights in property on the basis of declarations made to the contrary if, at the time of the declarations, the claimant was in actual use and possession of the property.** As the Texas Supreme Court stated nearly a century ago:
>
> > The Constitution forbidding the fixing on the homestead of liens other than such as are thereby expressly permitted, no estoppel can

arise in favor of a lender who has attempted to secure a lien on homestead in actual use and possession of the family, based on declarations of the husband and wife made orally or in writing contrary to the fact. To hold otherwise would practically abrogate the Constitution.

**If property be homestead in fact and law, lenders must understand that liens can not be fixed upon it, and that declarations of husband and wife to the contrary, however made, must not be relied upon.** They must further understand that no designation of homestead contrary to the fact will enable parties to evade the law and encumber homesteads with liens forbidden by the Constitution.

This rule applies even if, as in the case sub judice, the homestead claimant has executed, acknowledged, and filed in the deed records an instrument designating a contrary homestead.

*Id.* at 808–09 (quoting *Tex. Land & Loan Co. v. Blalock*, 13 S.W.12, 13 (Tex. 1890) (emphasis added, citations omitted). The purpose of this rule is because, if signing a form were enough to waive a homestead's protections, then "many lenders will simply have the borrower execute a form affidavit stating that the property is not claimed as homestead," a process that would "render[] the constitutional homestead protection nugatory." *Id.* at 809.

Cases such as *Niland* prompted one federal court to remark that "case law has also convincingly espoused the **near-futility** of a lender relying upon oral or written statements made by owners as to non-homestead usage—more specifically, these cannot change the character of a true homestead, even if the end result seems to reward a dishonest debtor." *In re Brei*, 599 B.R. 880, 901 (N.D. Tex. Bankr. 2019) (emphasis added). The upshot is that "declarations of a husband and wife of non-homestead usage—however made—must not be relied upon" such that "[l]enders must further understand that no designation of homestead contrary to the fact of actual usage as a homestead will enable parties to evade the law and encumber homesteads with liens forbidden by the Constitution." *Id.*

Estoppel is VCI's only argument against the Property's homestead characterization. As explained above, Texas law is clear that estoppel does not apply when, as here, the borrower actually resides in the homestead—and no contrary representations can change that characterization.

## II.    VCI's other arguments are not relevant to summary judgment.

After discussing estoppel, VCI makes several arguments that have no bearing on summary judgment. VCI argues that Higgins's *pro se* petition fails to state a cause of action, but Higgins has remedied that in his First Amended Complaint. VCI complains that Higgins's "allegations are conclusory," but that is not a summary judgment ground. VCI further notes that Higgins cannot maintain a wrongful foreclosure claim, but Higgins does not bring such a claim. VCI finally argues that Texas law only requires mailing a foreclosure notice "to the borrower's last known address as provided in the loan documents." Motion for Summary Judgment at ¶ 14 (citing Tex. Prop. Code § 51.002(e). But, when a lender seeks to foreclose on a homestead, the lender must further send a separate notice to the borrower's actual residence. Tex. Prop. Code § 51.002(d). VCI does not even claim to have done so.

### Conclusion

VCI's only defense to this case is that Higgins is estopped from claiming the Property is his homestead. Because Higgins physically resided at the Property, however, estoppel is not applicable. The Court should deny summary judgment and grant Higgins all other relief to which he is entitled.

Respectfully Submitted,

**Meade & Barr LLP**

*/s/ Andrew K. Meade*
Andrew K. Meade
Texas Bar No. 24032854
Leann M. Pinkerton
Texas Bar No. 24038826
Samuel B. Haren
Texas Bar No. 24059899
2118 Smith Street
Houston, Texas 77002
(713) 355-1200
ameade@mnbllp.com
lpinkerton@mnbllp.com
sharen@mnbllp.com

**Attorneys for Plaintiff**

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by electronic service on April 20, 2026.

*/s/ Samuel B. Haren*
Samuel B. Haren