DANIEL P HIGGINS,
    *Plaintiff,*

v.

VAL-CHRIS INVESTMENTS, INC.,

    *Defendant.*

§
§
§
§
§
§
§
§
§

C.A. 3:26-cv-00045

## VAL-CHRIS INVESTMENTS, INC.'S RESPONSE TO HIGGINS' APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Val-Chris Investments, Inc. ("Val-Chris" or "Defendant") and files its Response to Higgins' Application for Temporary Restraining Order and Preliminary Injunction and in support thereof respectfully shows the Court as follows:

## I.
## INTRODUCTION

1. Plaintiff seeks to enjoin a non-judicial foreclosure based on the assertion that the Property constitutes his homestead. The undisputed evidence establishes that Plaintiff represented the Property was not his homestead, executed a Designation of Homestead and Affidavit of Non-Homestead, leased the Property to a third-party tenant, and designated an alternate mailing address in connection with the loan. Ex. 1, Ex. 2, Ex. 3, Ex. 4. Plaintiff's claim is premised on

a position that directly contradicts his prior representations and could be considered mortgage fraud.

2.     Under Texas law, a borrower who represents that property is not homestead and induces reliance by the lender is estopped from later asserting homestead protections to defeat enforcement of a lien. *Thomas v. Graham Mortgage Corp.*, 408 S.W.3d 581, 589–92 (Tex. App.—Austin 2013); see also *In re Perry*, 345 F.3d 303, 316 (5th Cir. 2003) (homestead requires actual use and occupancy). Accordingly, there is no substantial likelihood on the success of Plaintiff's claims, thus the request for an injunction to prevent the non-judicial foreclosure should be denied. The evidence conclusively establishes that Plaintiff waived and is estopped from asserting any homestead protections. Ex. 2, Ex. 3, Ex. 4.

## II.
## BACKGROUND

3.     Plaintiff obtained a loan secured by real property located at 3001 Kleinmann Avenue, Galveston, Texas (the "Property"). Ex. 3. In connection with the loan transaction, Plaintiff executed loan documents granting Defendant a lien on the Property. Ex. 1, Ex. 3.

4.     The evidence establishes that, at the time of the loan transaction, Plaintiff provided documentation demonstrating that the Property was leased to a third-party tenant. Ex. 2. Plaintiff also identified and designated an alternative mailing address for all correspondence related to the loan. Ex. 3. The summary

2

judgment evidence further establishes that Plaintiff executed a Designation of Homestead and Affidavit of Non-Homestead in which Plaintiff expressly represented that the Property was not his homestead, identified a different property as his principal residence, disclaimed homestead rights in the Property, and acknowledged that the Property was not exempt from forced sale. Ex. 4.

5.      Defendant relied on Plaintiff's representations regarding occupancy of the Property and the designated mailing address in underwriting and extending the loan secured by the Property. Ex. 1, Ex. 3, Ex. 4. Plaintiff did not reside at the Property at the time of the loan transaction. Ex. 2, Ex. 3; *In re Perry*, 345 F.3d 303, 316 (5th Cir. 2003) (homestead requires actual use and occupancy). Plaintiff subsequently defaulted under the terms of the loan as reflected in the loan records. Ex. 3. Plaintiff now asserts that the Property constitutes his homestead and seeks to prevent Defendant from exercising its contractual right to foreclose. Ex. 5.

## III.
## EVIDENCE

| | |
|---|---|
| Exhibit 1 – | Affidavit of Custodian of Records |
| Exhibit 2 – | Residential Lease Agreement |
| Exhibit 3 – | Relevant Loan Documents, including the Deed of Trust, Promissory Note, Borrower Representations |
| Exhibit 4 – | Designation of Homestead and Affidavit of Non-Homestead |
| Exhibit 5 – | Plaintiff's Original Petition and Application for Temporary Restraining Order |

4933-4288-5287, v. 1

**IV.**
**LEGAL STANDARD**

6. A plaintiff seeking an injunction must satisfy a four-factor test by demonstrating that: (1) it has or will suffer an irreparable injury; (2) remedies available at law such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and, (4) the public interest would not be disserved by the injunction. See eBay, Inc., 126 S.Ct. at 1839. "The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." Amoco Prod. Co. v. Village of Gambell, AK, 480 U.S. 531, 546, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987); Erico Intern. Corp. v. Vutec Corp., 516 F.3d 1350, 1357 (Fed.Cir.2008) (Newman, J., dissenting). The decision to grant or deny an injunction is a matter within the discretion of the court. eBay, Inc., 126 S.Ct. at 1839; see also Sanofi–Synthelabo v. Apotex, Inc., 470 F.3d 1368, 1374 (Fed.Cir.2006); Baker Hughes Inc. v. Nalco Co., 676 F. Supp. 2d 547, 552 (S.D. Tex. 2009), aff'd, 374 F. App'x 979 (Fed. Cir. 2010).

**V.**
**ARGUMENT AND AUTHORITIES**

**A. Plaintiff is Unable to establish a Substantial Likelihood of Success on the Merits of its Case Because Plaintiff Expressly Waived and Is Estopped from Asserting Homestead Rights**

7. The evidence establishes that, in connection with the loan transaction, Plaintiff represented that the Property was not his homestead, executed a

4933-4288-5287, v. 1

Designation of Homestead and Affidavit of Non-Homestead, leased the Property to a third-party tenant, and designated an alternative mailing address for correspondence. Ex. 1, Ex. 2, Ex. 3, Ex. 4. Texas courts recognize that a borrower may be estopped from asserting homestead protections where the borrower represents that property is not a homestead and the lender reasonably relies on that representation. Thomas v. Graham Mortgage Corp., 408 S.W.3d 581, 589–92 (Tex. App.—Austin 2013).

8. A homestead claim requires actual use and occupancy of the property as a residence. In re Perry, 345 F.3d 303, 316 (5th Cir. 2003). Property that is leased to and occupied by a third-party tenant cannot simultaneously serve as the borrower's homestead. Ex. 2. Plaintiff also identified a different residence and expressly disclaimed homestead rights in the Property in the executed affidavit. Ex. 4.

9. Defendant relied on Plaintiff's representations in underwriting and extending the loan secured by the Property. Ex. 1, Ex. 3, Ex. 4. These undisputed facts establish that Plaintiff did not reside at the Property and did not claim it as his homestead at the time of the transaction. Plaintiff now asserts homestead protections in direct contradiction of his prior representations. Texas law does not permit a borrower to benefit from such inconsistent positions. Thomas, 408 S.W.3d at 589–92. Thus, the evidence conclusively establishes the Plaintiff disclaimed its homestead rights in order to obtain a loan. The request for an injunction should be denied.

5

**B. Plaintiff's Argument Regarding the Plaintiff's Occupation of the Property is Misplaced, Because Plaintiff Avered that the Property was being Leased to A Third Party Tenant**

10.    The claimant has the initial burden of establishing homestead status. *Burk Royalty Co. v. Riley,* 475 S.W.2d 566, 568 (Tex.1972); *Lifemark Corp. v. Merritt,* 655 S.W.2d 310 (Tex.App.–Hous.1983). This is accomplished by presenting evidence of both (i) overt acts of homestead usage and (ii) an intent to claim the land as a homestead. *Id.; In re Kennard,* 970 F.2d at 1458; *In re Perry*, 345 F.3d 303, 311 (5th Cir. 2003).

11.    Plaintiff uses *Niland* as authority for the proposition that a party may not disclaim a homestead as long as the property was being continually used by the Plaintiff. *In re Niland*, 825 F.2d 801, 803 (5th Cir. 1987). *Niland* involved a case where the owner's use of the property was not contested, which is different than the case at bar. *Niland* was examined and distinguished by the Fifth Circuit in 2010, in upholding a bankruptcy court's opinion that the debtor disclaimed its ownership rights. *In re Villarreal*, 402 F. App'x 28, 30–33 (5th Cir. 2010).

12.    The bankruptcy court determined that Texas law allows a certain narrow class of homestead claimants to be equitably estopped from protecting their homesteads from foreclosure. *Id.* at 834. Specifically, under the bankruptcy court's interpretation of Texas law, when a homestead claimant is living on the property as his or her homestead, he or she can nonetheless be equitably estopped from protecting that property as such, if his or her "acts were [not] such as to put a reasonable prudent person on notice that the tract constituted a part of

6

the homestead." *Id.* at 834–35 (quoting *Prince v. N. State Bank,* 484 S.W.2d 405, 411 (Tex. App.-Amarillo 1972, writ ref'd n.r.e.)) (internal quotation marks omitted). Such a rule, the bankruptcy court continued, is consistent with the "ambiguous possession" doctrine articulated by the Texas courts: that when a claimant owns "only one piece of property but does not occupy it" and the " 'visible circumstances' " on the property are consistent with the owner's disclaimer of the property as his or her homestead, the owner may be estopped from later claiming the property as his or her homestead. *Id.* at 835 (quoting *First Interstate Bank v. Bland,* 810 S.W.2d 277, 284, 287 (Tex. App.-Fort Worth 1991)) (citing *Alexander v. Wilson,* 124 Tex. 392, 77 S.W.2d 873, 874 (1935)). The court acknowledged that this analysis was in tension with "[t]he general rule that Texas courts have adopted unanimously in this situation where the claimant owns only one piece of property and occupies it at the time of the mortgage ... that 'the claimant is not estopped to set up the homestead exemption notwithstanding the declarations in the mortgage contract.' " *Id.* at 834 (quoting *First Interstate Bank,* 810 S.W.2d at 283 (citing *Tex. Land & Loan Co. v. Blalock,* 76 Tex. 85, 13 S.W. 12, 13 (1890); *Ray v. Metzger,* 165 S.W.2d 207, 209 (Tex. App.-Fort Worth 1942), *aff'd,* 141 Tex. 372, 172 S.W.2d 480 (1943)). Yet the court concluded that this apparent conflict in Texas law was reconcilable because the rule against estoppel assumed that by occupying the homestead, the claimant's "use of the property as a home [would be] of so obvious a nature" that the lender must have had notice it was the claimant's homestead. *Id.* (quoting *First Interstate Bank,* 810 S.W.2d at 283–84) (internal quotation marks

7

omitted). Accordingly, the bankruptcy court determined that the rule against estoppel did not apply to the instant case. *Id.* at 836.

13. Based on this interpretation of Texas law, the bankruptcy court concluded that Debtors could be equitably estopped from protecting their property as their homestead because Debtors had concealed their residence from public view. *Id.* The area in which they were living appeared to an outsider as "a storage area." *Id.* at 835. Neither the presence of visitors nor some personal items contradicted this impression, as visitors were associated with Debtors' business activities and too few personal items were in public view to indicate that individuals were living on the property. *Id.* Further, the external appearance of the property suggested that it was a business. *Id.* Therefore, the bankruptcy court concluded that "Debtors' use of Greg's Ballroom as a residence ... was insufficient 'to put a reasonable prudent person on notice that the property was a homestead.' " *Id.* (quoting *Prince,* 484 S.W.2d at 411).

14. Finally, the bankruptcy court concluded that Debtors' disclaimer of their homestead rights satisfied each of the doctrinal requirements for equitable estoppel because it was: "(1) a false representation or concealment of material facts; (2) made with either actual or constructive knowledge of the truth; (3) to a party without knowledge of the truth or without the means of knowing the truth; (4) with the intention that the false representation or concealment should be acted on; and (5) the party to whom it was made actually relied on or acted on it to his prejudice." *Id.* at 833, 836–37 (quoting *Gulbenkian v. Penn,* 151 Tex. 412, 252

8

S.W.2d 929, 932 (1952)) (internal quotation marks omitted). Therefore, the bankruptcy court concluded that the Trustee's "pre-petition foreclosure" on the property "was valid"; and that the property should not become part of the bankruptcy estate because Trustee could foreclose against it in satisfaction of the debt his beneficiaries were owed, *id.* at 839.

15. The Debtors appealed. The district court affirmed, relying on a similar analysis of the limitations of Texas's homestead protection and citing primarily the same Texas case law as the bankruptcy court. The Fifth Circuit stated that the Debtors contest the bankruptcy court's factual finding that they resided surreptitiously and not openly in Greg's Ballroom. They also deny that they had actual or constructive knowledge of the fact that Greg's Ballroom was their homestead when they signed the deed of trust asserting that "[n]o part of the property is used for residential purposes" and that Trustee Showalter relied on their disclaimer of the property as their homestead. The bankruptcy court resolved each of these factual issues in favor of Trustee.

16. The Fifth Circuit affirmed the decision of the bankruptcy court. The Fifth Circuit found that the Debtors do not contest that they concealed their living quarters on the property and that their visible activities on the property were consistent with the types of business activities that occurred at Greg's Ballroom. They argue only that a reasonable prudent person would have known that the property was their homestead because (1) they listed the property as their home address in the promissory note, deed of trust and on their driver's licenses and tax

9

returns, and (2) sometimes there were visitors on the property when there were not events scheduled at the ballroom. However, these marginal facts are insufficient to establish that the bankruptcy court committed clear error in finding that they used Greg's Ballroom as their homestead surreptitiously and not openly. Likewise, Debtors acknowledge that they had actual or constructive knowledge that they were using part of the property for residential purposes, contrary to the disclaimer in the deed of trust they signed. Debtors argue only that they failed to realize the significance of those facts. Moreover, Debtors point to no evidence suggesting Trustee Showalter did not rely on their misrepresentation that the property was not being used for residential purposes; they merely argue that he should have investigated further and determined that their homestead disclaimer was false.

17.     The remaining issue in this case, therefore, is whether Texas homestead claimants can be equitably estopped from protecting their actual homesteads if they have disclaimed the homestead protection and resided on the property covertly and not openly. As described in the background section, there is a tension in Texas law regarding this question. One of the foundational Texas Supreme Court cases in this area, *Texas Land & Loan Co. v. Blalock,* states that "no estoppel can arise in favor of a lender who has attempted to secure a lien on homestead *in actual use and possession of the family,* based on declarations of the husband and wife made orally or in writing contrary to the fact" that the property was the family's homestead. 76 Tex. 85, 13 S.W. 12, 13 (1890) (emphasis added).

10

Therefore, actual use of the property as a homestead, regardless of the nature of that use, would seem to prevent estoppel. Other Texas courts have endorsed *Texas Land*'s statement of the law. *See Rutland Sav. Bank v. Isbell,* 137 Tex. 432, 154 S.W.2d 442, 445 (1941) ( "Since the courts below have found that the John D. Isbell family were actually living on the 34 acres as a homestead at that time, the lender should not have relied upon the affidavit at all" and therefore no estoppel can arise.); *Parrish v. Hawes,* 95 Tex. 185, 66 S.W. 209, 212 (1902) (stating that once a homestead is established "all persons must take notice, and hence declarations ... contrary thereto cannot be relied on"). Likewise, relying on the above statement from *Texas Land,* the Fifth Circuit has suggested "that a homestead claimant is not estoped to assert his homestead rights in property on the basis of declarations made to the contrary if, at the time of the declarations, the claimant was in actual use and possession of the property." *In re Niland,* 825 F.2d 801, 808 (5th Cir.1987). Finally, a Texas treatise on homestead rights declares that "[w]here it is shown that, at the time a person dealt with the homestead property, the homestead claimant was occupying the premises in a manner sufficient to sustain the homestead exemption [i.e., for it to be found that the property was the claimant's homestead], the homestead exemption cannot, as a rule, be destroyed by any statement, declaration, or representation made by the claimant that the status of the property is otherwise." 43 *Tex. Jur. Homesteads* § 83 (3d ed.2010).

4933-4288-5287, v. 1

18. However, there is a series of cases that supports the rule articulated in the bankruptcy court opinion: that a homestead claimant can be estopped from asserting the homestead protection if he or she does not live on the property in a manner to give a reasonable prudent person notice that he or she was using the property as a homestead. For instance, *Alexander v. Wilson* stated that "unless the visible circumstances existing at the time were of such import as to apprise [the mortagee] of the fact that the [property] was the home of the mortgagors," the mortgagors could be estopped from asserting the homestead protection for the property. 124 Tex. 392, 77 S.W.2d 873, 874 (1935). Likewise, in *Lincoln v. Bennett,* the Texas Supreme Court stated that liens could be enforced against homesteads where "the owners, ... so using it that its status is dubious at the time the mortgage is executed, represent that it is not their homestead." 138 Tex. 56, 156 S.W.2d 504, 505 (1941). Finally, *Prince v. North State Bank* stated that if a homestead claimant was living on the property at the same time that he or she disclaimed the homestead protection, "the determining factor [for whether the homestead protection will be enforced] is whether the claimant's acts were such as to put a reasonable prudent person on notice that the tract constituted a part of the homestead." *Prince,* 484 S.W.2d at 411; *In re Villarreal*, 402 F. App'x 28, at 30–33.

19. In this case, the Plaintiff provided a lease in conjunction with obtaining the loan and stated that he was leasing it to a third-party tenant. Ex. 2. Thus, there was no way for the lender to know that the Plaintiff was using the property as his

4933-4288-5287, v. 1

own.  The Plaintiff's acts were such to prevent the lender from knowing that he was using the Property.  *Id.*   To allow an injunction under these facts would provide an advantage to those who are committing mortgage fraud.  The injunction should be denied.  *Id.*

### C. Plaintiff's Notice-Based Allegations Fail as a Matter of Law

20.    To the extent Plaintiff challenges the adequacy of foreclosure notice, Texas law requires only that notice be mailed to the borrower's last known address as provided in the loan documents. Tex. Prop. Code § 51.002(e). Actual receipt of notice is not required. *Martins*, 722 F.3d at 255–56. Plaintiff's allegation that he did not receive notice, without more, does not establish a violation of Texas law and does not create a genuine issue of material fact.

**VI.**
**CONCLUSION**

21.    The evidence establishes that Plaintiff waived and is estopped from asserting homestead protections, that Plaintiff has failed to establish a substantial likelihood on the merits of the case and the request for an injunction should be denied.

**VII.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court deny Higgins' Application for Temporary Restraining Order and Preliminary Injunction and grant any further relief to which Defendant may be justly entitled.

4933-4288-5287, v. 1

Respectfully submitted,
HIRSCH & WESTHEIMER, P.C.

By: /s/ *Christie M. Lewis*
 Christie M. Lewis
 State Bar No. 24013170
 Federal I.D. No. 33817
 Hirsch & Westheimer, P.C.
 1415 Louisiana, 36th Floor
 Houston, Texas 77002-2772
 Tel: 713-220-9197
 Fax: 713-223-9319
 E-mail: clewis@hirschwest.com

**ATTORNEY FOR DEFENDANT**

14

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, a copy of the foregoing Response was served via the Clerk of the Court through the ECF system to all parties of record.

Andrew K. Meade
Samuel B. Haren
Leann M. Pinkerton
lpinkerton@mnbllp.com
Meade & Barr LLP
2118 Smith Street
Houston, Texas 77002
*Attorneys for Plaintiff*
***Via E-Serve***

/s/     *Christie M. Lewis*
Christie M. Lewis

4933-4288-5287, v. 1