# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DANIEL P HIGGINS,<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | C.A. 3:26-cv-00045 |
| VAL-CHRIS INVESTMENTS, INC., | §<br>§ | |
| *Defendant.* | §<br>§ | |

## **AFFIDAVIT OF ERICK FEITSHANS**

STATE OF CALIFORNIA     §
                         §
COUNTY OF  Orange     §

BEFORE ME, the undersigned authority, on this day personally appeared Erick Feitshans, who, being by me duly sworn, upon his oath stated as follows:

1. My name is Erick Feitshans. I am over the age of eighteen (18), of sound mind, and fully competent to make this affidavit. I have personal knowledge of the facts stated herein, and they are true and correct.

2. I am employed as a Loan Servicing Manager for Val-Chris Investments, Inc. ("Val-Chris"). In that role, I am responsible for maintaining and reviewing loan files, borrower records, and servicing documents relating to loans issued and serviced by Val-Chris. I am familiar with the manner in which Val-Chris creates, maintains, and stores its business records, including loan documents, borrower correspondence, and servicing records. These records are made at or near the time of the events they describe by, or from information provided by, persons with knowledge of those events, and are kept in the regular course of Val-Chris's business activity.

1

3. I have reviewed the loan file and business records maintained by Val-Chris relating to the loan made to Daniel P. Higgins ("Plaintiff") and the real property located at 3001 Kleinmann Avenue, Galveston, Texas 77551 (the "Property"). Attached hereto as Exhibit 2 is a true and correct copy of the Residential Lease Agreement contained in Val-Chris's business records. The copy of the lease is kept in the ordinary course and scope of a regularly conducted business activity of Val-Chris. Making such records is a regular practice of that activity. The record was made at or near the time of the events recorded by a person with knowledge of those events. I am a custodian of records for Val-Chris with respect to these documents. The records reflect that, at the time of the loan transaction, the Property was leased to a third-party tenant.

4. Attached hereto as Exhibit 3 are true and correct copies of the loan documents and borrower information, including the promissory note and deed of trust. These records are kept in the ordinary course and scope of a regularly conducted business activity of Val-Chris. Making such records is a regular practice of that activity. The records were made at or near the time of the events recorded by a person with personal knowledge. I am a custodian of records for Val-Chris with respect to these documents. These records reflect that Plaintiff identified and designated an alternative mailing address for correspondence in connection with the loan.

5. Attached hereto as Exhibit 4 is a true and correct copy of the Designation of Homestead and Affidavit of Non-Homestead executed by Plaintiff as part of the loan transaction. This document is kept in the ordinary course and scope of a regularly conducted business activity of Val-Chris. Making such records is a regular practice of that activity. The record was made at or near the time of execution by a person with knowledge

of the events recorded. I am a custodian of records for Val-Chris with respect to this document. In that document, Plaintiff represented that the Property was not his homestead, identified a different property as his principal residence, disclaimed homestead rights in the Property, and acknowledged that the Property was not exempt from forced sale.

6.      Val-Chris relied on Plaintiff's representations, including the lease of the Property, the designated mailing address, and the non-homestead affidavit, in underwriting and extending the loan secured by the Property. The business records maintained by Val-Chris reflect that Plaintiff did not represent the Property as his residence at the time of the loan transaction.

_____
Erick Feitshans

SUBSCRIBED AND SWORN TO BEFORE ME on this 24 day of __March__ , 2026.

see Attached

_____
Notary Public
State of California

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California,
County of _____ Orange _____ )

On _March 24, 2026_ before me, _M. Boulter_____
(insert name and title of the officer)

personally appeared _Erick Feitshans_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _M. Boulter_____        (Seal)

M. BOULTER
Comm. #2406203
Notary Public · California
Orange County
Comm. Expires May 28, 2026