IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DANIEL P HIGGINS,<br>　　*Plaintiff,*<br><br>v.<br><br>VAL-CHRIS INVESTMENTS, INC.,<br><br>　　*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. 3:26-cv-00045 |

## VAL-CHRIS INVESTMENTS, INC.'S MOTION FOR SUMMARY JUDGMENT

## TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Val-Chris Investments, Inc. ("Val-Chris" or "Defendant") and files its Motion for Summary Judgment against Plaintiff Daniel P. Higgins's ("Higgins" or "Plaintiff") pursuant to Rule 56 of the Federal Rules of Civil Procedure and in support thereof respectfully shows the Court as follows:

## I.
## INTRODUCTION

1.    Plaintiff seeks to enjoin a non-judicial foreclosure based on the assertion that the Property constitutes his homestead. The undisputed summary judgment evidence establishes that Plaintiff represented the Property was not his homestead, executed a Designation of Homestead and Affidavit of Non-Homestead, leased the Property to a third-party tenant, and designated an alternate mailing address in connection with the loan. Exhibit 1, Affidavit of Custodian of Records, Exhibit 2, Residential Lease Agreement, Exhibit 3, Relevant

Loan Documents, Exhibit 4, Designation of Homestead. Plaintiff's claim is premised on a position that directly contradicts his prior representations and could be considered mortgage fraud.

2.    Under Texas law, a borrower who represents that property is not homestead and induces reliance by the lender is estopped from later asserting homestead protections to defeat enforcement of a lien. *Thomas v. Graham Mortgage Corp.*, 408 S.W.3d 581, 589–92 (Tex. App.—Austin 2013); see also *In re Perry*, 345 F.3d 303, 316 (5th Cir. 2003) (homestead requires actual use and occupancy). There is no genuine dispute of material fact. The summary judgment evidence conclusively establishes that Plaintiff waived and is estopped from asserting homestead protections. Ex. 2, Ex. 3, Ex. 4. Defendant is entitled to judgment as a matter of law.

## II.
## BACKGROUND

3.    Plaintiff obtained a loan secured by real property located at 3001 Kleinmann Avenue, Galveston, Texas (the "Property"). Ex. 3. In connection with the loan transaction, Plaintiff executed loan documents granting Defendant a lien on the Property. Ex. 1, Ex. 3.

4.    The summary judgment evidence establishes that, at the time of the loan transaction, Plaintiff provided documentation demonstrating that the Property was leased to a third-party tenant. Ex. 2. Plaintiff also identified and designated an alternative mailing address for all correspondence related to the loan. Ex. 3. The

summary judgment evidence further establishes that Plaintiff executed a Designation of Homestead and Affidavit of Non-Homestead in which Plaintiff expressly represented that the Property was not his homestead, identified a different property as his principal residence, disclaimed homestead rights in the Property, and acknowledged that the Property was not exempt from forced sale. Ex. 4.

5.      Defendant relied on Plaintiff's representations regarding occupancy of the Property and the designated mailing address in underwriting and extending the loan secured by the Property. Ex. 1, Ex. 3, Ex. 4. Plaintiff did not reside at the Property at the time of the loan transaction. Ex. 2, Ex. 3; *In re Perry*, 345 F.3d 303, 316 (5th Cir. 2003) (homestead requires actual use and occupancy). Plaintiff subsequently defaulted under the terms of the loan as reflected in the loan records. Ex. 3. Plaintiff now asserts that the Property constitutes his homestead and seeks to prevent Defendant from exercising its contractual right to foreclose. Exhibit 5, Plaintiff's Original Petition and Application for TRO.

### III.
### SUMMARY JUDGMENT EVIDENCE

Exhibit 1 –        Affidavit of Custodian of Records

Exhibit 2 –        Residential Lease Agreement

Exhibit 3 –        Relevant Loan Documents, including the Deed of Trust, Promissory Note, Borrower Representations

Exhibit 4 –        Designation of Homestead and Affidavit of Non-Homestead

Exhibit 5 –          Plaintiff's Original Petition and Application for Temporary Restraining Order

## IV.
## LEGAL STANDARD

6.      Summary judgment shall be granted when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Once the movant meets its burden, the nonmovant must present evidence raising a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Conclusory allegations and unsupported assertions are insufficient to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986).

## V.
## ARGUMENT AND AUTHORITIES

### A. Plaintiff Expressly Waived and Is Estopped from Asserting Homestead Rights

7.      The summary judgment evidence establishes that, in connection with the loan transaction, Plaintiff represented that the Property was not his homestead, executed a Designation of Homestead and Affidavit of Non-Homestead, leased the Property to a third-party tenant, and designated an alternative mailing address for correspondence. Ex. 1, Ex. 2, Ex. 3, Ex. 4. Texas courts recognize that a borrower may be estopped from asserting homestead protections where the borrower represents that property is not a homestead and the lender reasonably relies on that representation. *Thomas v. Graham Mortgage Corp.*, 408 S.W.3d 581, 589–92 (Tex. App.—Austin 2013).

4

8.     A homestead claim requires actual use and occupancy of the property as a residence. *In re Perry*, 345 F.3d 303, 316 (5th Cir. 2003). Property that is leased to and occupied by a third-party tenant cannot simultaneously serve as the borrower's homestead. Ex. 2. Plaintiff also identified a different residence and expressly disclaimed homestead rights in the Property in the executed affidavit. Ex. 4.

9.     Defendant relied on Plaintiff's representations in underwriting and extending the loan secured by the Property. Ex. 1, Ex. 3, Ex. 4. These undisputed facts establish that Plaintiff did not reside at the Property and did not claim it as his homestead at the time of the transaction. Plaintiff now asserts homestead protections in direct contradiction of his prior representations. Texas law does not permit a borrower to benefit from such inconsistent positions. *Thomas*, 408 S.W.3d at 589–92. The summary judgment evidence conclusively establishes waiver and estoppel. Plaintiff's homestead claim fails as a matter of law.

**B. Plaintiff's Knowing and Active Deception of Presenting a Lease for the Entire Property and a New Address Where He Would Live Are Acts That Would Not Make a Reasonably Prudent Person Know that He was Living on the Property**

10.     Plaintiff argues that the Defendant knew that the Plaintiff was using the property as his homestead, and thus, estoppel does not apply.  However, the niche exception applies when the occupation of the property is so conspicuous that a reasonable person would know that the borrower was using the property as his homestead.  Plaintiff uses *Niland* as authority for the proposition that a party

may not disclaim a homestead as long as the property was being continually used by the Plaintiff.  *In re Niland*, 825 F.2d 801, 803 (5th Cir. 1987). *Niland* involved a case where the owner's use of the property was not contested, which is different than the case at bar.  In *Niland,* there was evidence that the bank officer took a bribe from the borrower to provide the loan with full knowledge that the borrower actually lived on the property at the time the non-homestead loan was provided. *Id.*

11.    As evidence of Defendant's knowledge of the property use by the Plaintiff, he uses the appraisal that shows that Defendant was fully aware that Plaintiff was only leasing a portion of the property to the tenant.  The lease states that the entire property was leased to "Knycie Quitta" on September 1, 2020. Ex. 2.   The loan closed on September 10, 2020. Thus, Defendant was without knowledge that the Defendant was not being truthful in his loan documents.  It is completely reasonable that the Defendant presumed that Plaintiff would renew his license with the new address provided in the loan documents.  It is also completely reasonable that Plaintiff would inform his insurance company that he was leasing the property out, and that policy was used to prove solely that there was insurance on the property before the loan was made.

12.    The Fifth Circuit seriously examined the *Niland* opinion in *Vallarreal* and noted there was an apparent conflict in Texas law in handling situations where the borrower was claiming, despite its fraudulent behavior, that borrowers could prevent lenders from utilizing the homestead disclaimer.  *In re Villarreal*, 402 F.

6

App'x 28, 30–33 (5th Cir. 2010).   The Fifth Circuit found the conflict to be reconcilable because the rule against estoppel assumed that by occupying the homestead, the claimant's "use of the property as a home [would be] of so obvious a nature" that the lender must have had notice it was the claimant's homestead. *Id.* (quoting *First Interstate Bank v. Bland,* 810 S.W.2d 277, 284, 287 (Tex. App.-Fort Worth 1991).

13.   The Fifth Circuit stated that when a homestead claimant is living on the property as his or her homestead, he or she can nonetheless be equitably estopped from protecting that property as such, if his or her "acts were [not] such as to put a reasonable prudent person on notice that the tract constituted a part of the homestead." *In re Niland*, 825 F.2d  at 834–35 (quoting *Prince v. N. State Bank,* 484 S.W.2d 405, 411 (Tex. App.-Amarillo 1972, writ ref'd n.r.e.)) (internal quotation marks omitted). Such a rule, the bankruptcy court continued, is consistent with the "ambiguous possession" doctrine articulated by the Texas courts: that when a claimant owns "only one piece of property but does not occupy it" and the " 'visible circumstances' on the property are consistent with the owner's disclaimer of the property as his or her homestead, the owner may be estopped from later claiming the property as his or her homestead. *Id.* at 835 (quoting *First Interstate Bank v. Bland,* 810 S.W.2d 277, 284, 287 (Tex. App.-Fort Worth 1991)) (citing *Alexander v. Wilson,* 124 Tex. 392, 77 S.W.2d 873, 874 (1935))" *Id.* at 834 (quoting *First Interstate Bank,* 810 S.W.2d at 283 (citing *Tex. Land & Loan Co. v. Blalock,* 76 Tex. 85, 13 S.W. 12, 13 (1890); *Ray v. Metzger,* 165 S.W.2d 207, 209 (Tex. App.-

7

Fort Worth 1942), *aff'd,* 141 Tex. 372, 172 S.W.2d 480 (1943)). Accordingly, the bankruptcy court determined that the rule against estoppel did not apply to the instant case. *Id.* at 836.

14.   Based on this interpretation of Texas law, the bankruptcy court concluded that Debtors could be equitably estopped from protecting their property as their homestead because Debtors had concealed their residence from public view. *Id.* The area in which they were living appeared to an outsider as "a storage area." *Id.* at 835. Neither the presence of visitors nor some personal items contradicted this impression, as visitors were associated with Debtors' business activities and too few personal items were in public view to indicate that individuals were living on the property. *Id.* Further, the external appearance of the property suggested that it was a business. *Id.* Therefore, the bankruptcy court concluded that "Debtors' use of Greg's Ballroom as a residence ... was insufficient 'to put a reasonable prudent person on notice that the property was a homestead.'" *Id.* (quoting *Prince,* 484 S.W.2d at 411).

15.   Finally, the bankruptcy court concluded that Debtors' disclaimer of their homestead rights satisfied each of the doctrinal requirements for equitable estoppel because it was: "(1) a false representation or concealment of material facts; (2) made with either actual or constructive knowledge of the truth; (3) to a party without knowledge of the truth or without the means of knowing the truth; (4) with the intention that the false representation or concealment should be acted on; and (5) the party to whom it was made actually relied on or acted on it to his

8

prejudice." *Id.* at 833, 836–37 (quoting *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 932 (1952)) (internal quotation marks omitted). Therefore, the bankruptcy court concluded that the Trustee's "pre-petition foreclosure" on the property "was valid"; and that the property should not become part of the bankruptcy estate because Trustee could foreclose against it in satisfaction of the debt his beneficiaries were owed. *Id.* at 839.

16.    In this case, the Plaintiff provided a lease in conjunction with obtaining the loan and stated that he was leasing it to a third-party tenant. Ex. 2.  He also swore under the penalties of perjury that the property was not intended to be used as his homestead.  Ex. 4.  Thus, there was no way for the lender to know that the Plaintiff was using the property as his own.  *Prince,* 484 S.W.2d at 411. The Plaintiff's acts were such to prevent the lender from knowing that he was using the Property.  *Id.*   To allow the Plaintiff to extinguish or invalidate the loan under these facts would provide an advantage to those who are committing mortgage fraud. The summary judgment should be denied.  *Id.*

## VI.
## CONCLUSION

17.    The summary judgment evidence conclusively establishes that Plaintiff waived and is estopped from asserting homestead protections, that Plaintiff has failed to assert or support a cognizable cause of action, and that no genuine issue of material fact exists as to any of Plaintiff's claims. Accordingly, Defendant is entitled to judgment as a matter of law.

9

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court grant this Motion for Summary Judgment, dismiss Plaintiff's claims with prejudice, and grant such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,
LEWIS LAW FIRM

By: /s/       *Christie M. Lewis*
Christie M. Lewis
State Bar No. 24013170
Federal I.D. No. 33817
1517 Heights Blvd.
Houston, Texas 77008
Tel: 832-607-3959
Email: clewis@lewislawhtx.com
Admin Copy:
bcampbell@lewislawtx.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2026, a copy of the foregoing Motion for Summary Judgment was served via the Clerk of the Court through the ECF system to all parties of record.

Andrew K. Meade
Samuel B. Haren
Leann M. Pinkerton
lpinkerton@mnbllp.com
Meade & Barr LLP
2118 Smith Street
Houston, Texas 77002
*Attorneys for Plaintiff*
***Via E-Serve***

/s/ *Christie M. Lewis*
Christie M. Lewis